UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Walter Simpson

     v.                         Civil No. 13-cv-549-JD
                                       Opinion No. 2014 DNH 070
Superintendent, Merrimack
County Department of Corrections


O R D E R


Walter Simpson, proceeding pro se and in forma pauperis, has filed a complaint against the Superintendent of the Merrimack County Department of Corrections, the Assistant Superintendent, the Chief of Operations, a "Property Officer," and two "Administration Workers." Simpson is incarcerated. Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, the complaint is subject to preliminary review to determine whether it can be served on the defendants. Simpson has also filed motions that are addressed in this order.


I.  Preliminary Review

On preliminary review, the court uses the same standard under § 1915A that is applicable under Federal Rule of Civil Procedure 12(b)(6). Machado v. Weare Police Dep't, 494 Fed. Appx. 102, 105 (1st Cir. 2012); Roy v. Wrenn, 2013 WL 4541389, at *1 (D.N.H. Aug. 27, 2013). Under that standard, the court "construe[s] all factual allegations in the light most favorable to the non-moving party to determine if there exists a plausible claim upon which relief may be granted." Wilson v. HSBC Mortg.

<u>Servs., Inc.</u>, 744 F.3d 1, 7 (1st Cir. 2014).  The court construes pro se pleadings liberally.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

Simpson lists claims arising from the decision by the defendants at Merrimack County Department of Corrections ("MCDC") to move him to administrative segregation, which Simpson refers to as "the hole," and then to transfer him to another facility. He contends that the move to the hole was done for no reason and without notice or explanation.  He contends that he was transferred to Hillsborough County Department of Corrections ("HCDC") because he filed requests and complaints.  In the course of his moves, Simpson states, the defendants took his personal belongings and his legal papers and threw them in the trash.  He also states that the defendants "hindered and knowingly restricted" his communications "with counsel of record."

A.  <u>Move to Administrative Segregation</u>

Simpson alleges that on July 8, 2012, two guards came to his cell and announced that he was being moved to Charlie Unit, administrative segregation, known as "the hole."  The guards said that they did not know why and were just following orders.  Once Simpson was relocated, a case manager told Simpson that he was assigned to administrative segregation for thirty days along with Fred Chapman.  Simpson acknowledges that he had had an adversarial relationship with Chapman for many years, which he describes in the complaint.

2

Simpson sent a message to his own case manager who responded that he was in segregation "because you can't be around someone else." Simpson then wrote letters to MCDC officials explaining his relationship with Chapman and asking if there were alternatives to administrative segregation because he had done nothing wrong.

Simpson's allegations suggest that he is claiming his confinement in administrative segregation violated his due process rights. Although Simpson does not allege his prisoner status, the court will assume that he was a pretrial detainee while he was housed at MCDC.[1]

Pretrial detainees are protected by the due process clause of the Fourteenth Amendment from detainment that amounts to punishment. O'Connor v. Huard, 117 F.3d 12, 16 (1st Cir. 1997). A department of corrections may not impose punitive detention on a pretrial detainee but "may, however, impose administrative restrictions and conditions upon a pretrial detainee that effectuate his detention . . . and that maintain security and order in the detention facility." Id. (citing Bell v. Wolfish, 441 U.S. 520, 535 & 536-7 (1979)); see also Surprenant v. Rivas, 424 F.3d 5, 13-14 (1st Cir. 2005). Pretrial detainees may not be subjected to punishment for violating institutional restrictions and conditions without due process, which requires written notice

---

[1]Simpson alleges that he was scheduled for sentencing in December of 2014. After filing his complaint, Simpson notified the court that he was moved to the New Hampshire State Prison for Men in January of 2014.

at least twenty-four hours before a disciplinary hearing, an impartial decision maker, and the ability to call witnesses and present evidence at the hearing.  <u>Surprenant</u>, 424 F.3d at 16; <u>see also</u> <u>Goguen v. Gilblair</u>, 2013 WL 5407225, at *29 (D. Me. Sept. 25, 2013) (noting issue of whether due process is required for administrative segregation as well as disciplinary segregation depends on the conditions of confinement).

Based on Simpson's allegations, he was not afforded due process before he was moved to administrative segregation and the reason for the move is unclear.  Taking the facts in the light most favorable to Simpson, the move to administrative segregation could have been punitive.  Therefore, Simpson states a due process violation that is actionable under 42 U.S.C. § 1983.


B.  <u>Transfer to HCDC</u>

On July 14, 2012, Simpson was transferred to HCDC.  Simpson asserts that he was transferred to HCDC because he made complaints and filed grievances about his move to administrative segregation at MCDC.  He also alleges that on arrival at HCDC he was told by the processing officer that his transfer paperwork stated "No reason" for the transfer and that MCDC only sent violent inmates and troublemakers to HCDC.

"[D]espite the deference owing to the decisions of prison officials, retaliation against a prisoner's exercise of constitutional rights is actionable." <u>Hannon v. Beard</u>, 645 F.3d 45, 48 (1st Cir. 2011).  To state a claim of retaliation for

exercising First Amendment rights, Simpson must allege facts that show "he engaged in a protected activity, that the state took an adverse action against him, and that there is a causal link between the former and the latter." <u>Id.</u>

Filing grievances in jail is protected activity. <u>Id.</u> at 49. A transfer to a more restrictive or less desirable environment can be an adverse action. <u>Id.</u> Although the link between the complaints and grievances Simpson filed and the transfer is not well developed, at this stage the proximity in time will suffice. <u>See</u> <u>id.</u>

Therefore, for purposes of preliminary review, Simpson has sufficiently alleged a First Amendment violation, actionable under § 1983, based on a retaliatory transfer.


C.   <u>Loss of Property</u>

Simpson alleges that some of his personal property was thrown in the trash during the period when he was moved to administrative segregation and then to HCDC and back to MCDC. Simpson's allegations are not clear as to what he believes was missing. Although he focuses on "discovery" and his "legal papers," he may also intend to allege that other personal property was thrown in the trash.


1.   <u>Due Process</u>

A state employee does not violate the procedural requirements of the due process clause of the Fourteenth

Amendment by an unauthorized negligent or intentional deprivation
of property "if a meaningful postdeprivation remedy for the loss
is available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).
Therefore, if state law provides an adequate remedy, no due
process violation occurred.  <u>Chongris v. Bd. of Appeals of Town
of Andover</u>, 811 F.2d 36, 44-45 (1st Cir. 1987).  If a plaintiff
could pursue post-deprivation remedies against the defendants, an
adequate postdeprivation remedy is available.  <u>See</u> <u>Latimore v.
Dep't of Corrs.</u>, 2013 WL 6181082, at *12 (D. Mass. Nov. 22,
2013); <u>D'Amelio v. Gerry</u>, 2009 WL 1065921, at *4 (D.N.H. Mar. 31,
2009).

     For purposes of this case, New Hampshire provides an
adequate postdeprivation remedy through state law tort claims,
such as a claim for conversion.


     2.  <u>Right to Access the Courts</u>

     Every citizen has a constitutional right to access the
courts.  <u>Fabiano v. Hopkins</u>, 352 F.3d 447, 453 (1st Cir. 2003).
To state an actionable claim, however, a prisoner must allege
facts that show the defendant's actions "hindered his efforts to
pursue a legal claim."  <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

     Simpson does not allege that he was involved in any civil
suit or action at the time of either move nor that any legal
action was adversely affected by the loss of his discovery and

6

legal papers.[2]  Therefore, Simpson does not state a claim that
his right to access the courts was violated.


    3.  <u>State Law Claim</u>

    Simpson does not allege that the loss or destruction of his
property violated a constitutional right.  However, Simpson might
state a claim for negligence or conversion.

    "An action for conversion is based on the defendant's
exercise of dominion or control over goods which is inconsistent
with the rights of the person entitled to immediate possession."
<u>Rinden v. Hicks</u>, 119 N.H. 811, 813 (1979); <u>Riggs v. Peschong</u>,
2009 WL 604369, at *3 (D.N.H. Mar. 5, 2009).  The party asserting
conversion bears the burden of showing his right to property and
that the defendant's actions were unlawful.  <u>Marcucci v. Hardy</u>,
65 F.3d 986, 991 (1st Cir. 1995).  For a common law negligence
claim, a plaintiff must allege "the existence of a duty flowing
from the defendant to the plaintiff and that the defendant's
breach of that duty caused the injury for which the plaintiff
seeks to recover."  <u>Hickingbotham v. Burke</u>, 140 N.H. 28, 34
(1995).

    Although Simpson alleges that Property Officer Overlock and
Chief of Operations Kara S. Wyman were involved in his efforts to

_____

    [2]As a pretrial detainee, Simpson would have been involved in
a criminal proceeding during the time he was held at MCDC.  For
that proceeding, however, Simpson would have been represented by
counsel.

7

locate his property, he does not allege who was responsible for
the loss or destruction of his property or specifically what is
missing.  Therefore, as currently alleged, there are insufficient
facts to support either claim.  As explained below, Simpson is
afforded an opportunity to amend his complaint to allege a
conversion or negligence claim with allegations as to who caused
the loss or destruction of his property and what property,
specifically, was lost or destroyed.


D.   Communications with Counsel

     In his list of claims, Simpson states that the defendants
"hindered and knowingly restricted [his] communications with
counsel of record."  However, he alleges no facts to support his
claim.  A conclusory statement without supporting facts is
insufficient to state a claim.  Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009).  Therefore, Simpson does not state an actionable
claim that the defendants violated a constitutional right by
hindering or restricting his communications with counsel.


E.   Summary

     Simpson lists as defendants:  Ronald R. White,
Superintendent, MCDC; Officer Overlock, "Property Officer"; Les
Dolecal, Assistant Superintendent, MCDC; Kara S. Wyman, "Director
of Operations"; and "Administration Workers" Rose and Courtney.

Although Administration Workers Rose and Courtney are listed as defendants, the complaint makes no mention of either of them. Therefore, no claim is alleged against either Rose or Courtney, and they are dismissed.

Simpson's allegations pertaining to Officer Overlock and Kara S. Wyman are limited to the issues pertaining to the loss of his property.  Because Simpson has not stated a claim for the loss of his property, the claim against Overlock and Wyman is dismissed.

The two claims that are allowed, listed below, will proceed against Ronald R. White, Superintendent, MCDC, and Les Dolecal, Assistant Superintendent.

Simpson has stated the following claims actionable under § 1983:

1.   The defendants violated due process by moving Simpson to administrative segregation without adequate process.

2.   The defendants violated his First Amendment right by transferring Simpson to HCDC in retaliation for his complaints and grievances filed in response to his move to administrative segregation at MCDC.

II.  <u>Motion to Waive Copying Fees</u>

Simpson moves to have all copying fees waived in the case. He does not explain what copying fees he seeks to have waived or provide any detail about a copying request.

Under 28 U.S.C. § 1914, the court is required to charge fees for copying.  Section 1915 does not provide for waiver of copying fees in civil suits.  <u>See, e.g.</u>, <u>Thibeault v. Brown</u>, 2013 WL 120123, at *7 (D. Mass. Jan. 8, 2013); <u>Woodward v. Mullah</u>, 2010 WL 3023117, at *5 (W.D.N.Y. July 29, 2010).

Therefore, the motion is denied.


III.  <u>Motion for Appointment of Counsel</u>

Simpson asks the court to appoint counsel to represent him in this action.  "[T]here is no constitutional right to appointed counsel in a civil case . . . ." <u>Maroni v. Pemi-Baker Reg'l Sch. Dist.</u>, 346 F.3d 247, 257 (1st Cir. 2003).  "The court may request an attorney to represent any person unable to afford counsel." § 1915(e)(1).  However, an indigent civil litigant must show that exceptional circumstances exist to be eligible for assistance under § 1915(e)(1).  <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).

Simpson has not shown exceptional circumstances in this case to support a request for assistance under § 1915(e)(1).  Therefore, the motion is denied.


<u>Conclusion</u>

For the foregoing reasons, Simpson's claims that the defendants threw his property in the trash and hindered his communications with counsel are dismissed.

10

Simpson's claims under § 1983 that the defendants violated his due process rights by moving him to administrative segregation and that the defendants violated his First Amendment rights by transferring him to HCDC in retaliation for his complaints and grievances may proceed against defendants Ronald R. White, Superintendent, MCDC, and Les Dolecal, Assistant Superintendent, MCDC.  All other claims and defendants are dismissed.

Simpson's motion to waive copying fees (document no. 3) and motion for appointment of counsel (document no. 4) are denied.

Simpson is afforded an opportunity to amend his complaint to add a state law conversion and/or negligence claim, with additional allegations as to who caused the destruction or loss of his property and what property was lost or destroyed.  The amended complaint shall be filed **on or before April 23, 2014.**  If an amended complaint is not filed by that date, the court will proceed with service of the two claims allowed in this order.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

April 10, 2014

cc:  Walter Simpson, pro se